**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHEILA M. CHRISTOPHE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-2720-SS** |
| **DEPARTMENT OF THE TREASURY** | |

**ORDER AND REASONS**

Before the undersigned is the motion of the defendant, Henry M. Paulson, Secretary of the United States Department of the Treasury, to dismiss the complaint of the plaintiff, Sheila M. Christophe ("Christophe"), with prejudice.[1]  For the reasons described below, the motion is granted.

**PROCEDURAL BACKGROUND**

On December 17, 20006, Christophe filed her complaint for relief under Title VII, 42 U.S.C. 2000e, for discrimination based on her race, African-American, and her gender.[2]  Rec. doc. 1. The case was filed in federal court in the Southern District of Texas.  Id.  On the joint motion of the parties, it was transferred to the Eastern District of Louisiana.  Id.

The defendant moved to dismiss the complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b(1), for lack of jurisdiction over the subject matter and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon relief can be granted.  The defendant contends that Christophe's complaint was not timely and that there is no basis for equitable tolling.  Rec. doc. 6.

---

[1] The parties consented to proceed before a Magistrate Judge.  Rec. doc. 8.

[2] Christophe states that she is not asserting any state law causes of action.  Rec. doc. 12 at 1.

A challenge to a plaintiff's jurisdictional allegations may be supported with affidavits and other additional matters. 5B Wright and Miller, Federal Practice and Procedure §1350 at p. 159 (3rd ed. 2004). Both parties submitted matters outside of the pleadings and therefore, the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b). Because the defendant seeks relief under Rule 12(b)(6) as well as Rule 12(b)(1), the motion was to a summary judgment motion. Rec. doc. 20. The parties were granted the opportunity to supplement their filings, which they did. Rec. docs. 22 and 24

## LEGAL STANDARD

Fed. R. Civ. P. 56 provides in pertinent part that summary judgment will be granted when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Lujan v. National Wildlife Federation, 497 U.S. 871, 889, 110 S.Ct. 3177, 3189 (1990). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Wyatt v. Hunt Plywood, 297 F.3d 405, 409 (5th Cir. 2002). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Washington v. Allstate Ins. Co., 901 F.2d 1281 (5th Cir. 1990).

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case. Celotex, 106 S.Ct. at 2553; see Lujan, 110 S. Ct. at 3187. If the moving party fails to meet this initial

burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Celotex, 106 S.Ct. at 2553-54. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001).

This burden is not satisfied with "some metaphysical doubt as to the material facts," Matsushita, 106 S.Ct. at 1356, by "conclusory allegations," Lujan, 110 S. Ct. at 3180, or by only a "scintilla" of evidence, Davis v. Chevron U.S.A., Inc., 14 F.3d 1082 (5th Cir.1994). The court resolves factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. See Lujan, 110 S. Ct. at 3188. Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted. See Evans v. City of Bishop, 238 F.3d 586, 588-89 (5th Cir. 2000).

In Fierros v. Texas Dept. of Health, 274 F.3d 187 (5th Cir. 2001), the Fifth Circuit cautioned that summary judgment is not favored in claims of employment discrimination and that the Supreme Court in Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000), emphasized the paramount role that juries play in Title VII cases; stressing that in evaluating summary judgment evidence, courts must refrain from the making of credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, which are jury

functions. Fierros, 274 F.2d at 190-91.

## THE PARTIES' CONTENTIONS

The defendant urges that there are two requirements for filing a Title VII action in federal court: (1) the complaint must be filed within the time allotted by Title VII; and (2) the plaintiff must have exhausted her administrative remedies. See Tolbert v. United States, 916 F.2d 245, 247-48 (5th Cir. 1990) (holding that a federal employee who has exhausted a formal EEO complaint of discrimination must file a civil action within 90 days of the date on which she receives the Commission's final decision on appeal); and 42 U.S.C. § 2000e-16(c). Christophe responds that: (1) defendant has not submitted conclusive evidence that her filing was untimely; and (2) in the alternative, the application of equitable tolling principles renders her complaint timely.

## UNDISPUTED FACTS[3]

1. Christophe was employed with the Internal Revenue Service in New Orleans. Rec. doc. 22 at 1.

2. On December 1, 2003, Christophe filed a formal agency complaint against the defendant alleging that she was a victim of discrimination and retaliation in her employment based on her race and gender. Rec. doc. 6 (Proctor-Exhibit A at 1).[4]

3. At that time, Christophe was represented by Tracie Washington of New Orleans. Rec. doc. 6 (Proctor-Exhibit A at 14).

4. The defendant's regulations require that all correspondence be sent to a complainant's

---

[3] Because the defendant filed a motion to dismiss, the parties were not required to submit statements of undisputed facts. These undisputed facts are drawn from the parties' filings.

[4] Pamela Proctor is an Equal Employment Opportunity Specialist employed in the Office of Equal Opportunity and Diversity in the Department of Treasury. Her declaration is attached to Rec. doc. 6.

counsel, if the complainant has designated a counsel to represent her. In this case all correspondence was addressed to Ms. Washington with copies sent to Christophe. Rec. doc. 24 (Supp. Proctor at 1).[5]

5. On December 27, 2004, Christophe requested an EEOC hearing. Rec. doc. 6 (Proctor-Exhibit A at 1, n.1).

6. On July 18, 2005, Christophe requested that the EEOC hearing process be terminated. Rec. doc. 6 (Proctor-Exhibit A at 1, n.1).

7. On August 10, 2005, the Administrative Judge ordered cancellation of the EEOC hearing and forwarded the matter to the defendant for issuance of a final agency decision. Rec. doc. 6 (Proctor-Exhibit A at 1, n. 1).

8. On August 29, 2005, Hurricane Katrina made landfall. New Orleans was without essential services, including mail service, for weeks. Thousands of residents, including Christophe and Ms. Washington, were displaced. Rec. doc. 22 at 2 and Rec. doc. 6 (Proctor at 3).

9. On September 19, 2005, the IRS issued its final agency decision, which provided that a finding of no discrimination was appropriate.[6] Rec. doc. 6 (Proctor-Exhibit A at 13).

10. On September 19, 2005 in Washington, D.C., the Department of the Treasury, Office of Equal Opportunity and Diversity, mailed copies of the decision to appropriate representatives of the IRS. It noted that although the decision was considered issued on September 19, 2005, it was not possible to mail copies of the decision to Christophe and her counsel because of Hurricane Katrina. Rec. doc. 6 (Proctor-Exhibit A at 14).

---

[5] Defendant submitted a supplemental declaration by Proctor, which is attached to Rec. doc. 24.

[6] The parties sometimes refer to the final agency decision as "FAD." See Rec. doc. 6(Proctor at 3).

11. The defendant stated:

> The Department will continue to periodically check on when postal service or other reliable mail delivery is reinstated, and will issue another certificate of service at that time to the parties listed below.

Rec. doc. 6 (Proctor Exhibit A at 14).

12. After Katrina, Christophe relocated to Houston, Texas, and was employed by the IRS in Houston. Rec. doc. 22 at 2.

13. Proctor's early attempts to send the decision to Ms. Washington were stymied because she was not able to establish a working mailing address for Ms. Washington. Rec. doc. 6 (Proctor at 3) and Rec. doc. 24 (Supp. Proctor at 2-3).

14. On March 16, 2006, Proctor sent an e-mail to Ms. Washington reporting that the decision had to be mailed to Christophe. Proctor requested an address for Ms. Washington and Christophe. Rec. doc. 6 (Proctor-Exhibit C).

15. On March 16, 2006, Ms. Washington sent Proctor's e-mail to Christophe. Rec. doc. 6 (Exhibit C).

16. On or about March 16, 2006, Christophe reported to Proctor that her mailing address was 5834 Ludington, Houston, Texas 77035. Rec. doc. 6 (Proctor-Exhibit C).

17. On March 23, 2006, Proctor e-mailed Ms. Washington and stated that even though she had Christophe's address, the decision was not considered served until Ms. Washington received it. Proctor sought Ms. Washington's mailing address. Rec. doc. 24 (Supp. Proctor-Exhibit 4).

18. On August 3, 2006, Ms. Proctor sent an e-mail to Ms. Washington and Christophe at her personal and IRS e-mail addresses and inquired:

> Ms. Washington: Is there a mailing address for you where we can mail a copy of the Department's final agency decision? We've been holding it because of Katrina but Ms. Christophe needs to be able to proceed on this. If you and your client agree, we can send the decision directly to her and e-mail you a copy. If that's ok, could you send me something in writing?

Rec. doc. 6 (Proctor-Exhibit B).

19. On August 3, 2006, Ms. Washington replied that: (1) after the storm, she discontinued her representation of Christophe; and (2) Proctor needed to contact Christophe directly to determine whether she had retained her new counsel. Rec. doc. 6 (Proctor-Exhibit B).

20. On August 3, 2006, a copy of the decision was mailed via certified mail, return receipt requested, to Christophe at 5834 Ludington Drive, Houston, Texas 77035. Rec. doc. 6 (Proctor-Exhibit C).

21. On August 7, 2006, Christophe e-mailed Proctor and reported that, "[b]ecause of the delay in the agency response and due to the effects of Hurricane Katrina Ms. Washington is no longer representing me." Rec. doc. 24 (Supp. Proctor-Exhibit 6). Christophe also reported that her mailing address was 5834 Ludington Drive, Houston, Texas 77035. Id.

22. On August 8, 2006, Proctor replied to Christophe's August 7, 2006 e-mail and reported that the decision should be in the mail to Christophe. Rec. doc. 24 (Supp. Proctor-Exhibit 6).

23. The postal receipt indicates that the article was addressed to Sheila Christophe, 5834 Ludington, Texas 77035, and signed for by someone on August 11, 2006. Rec. doc. 6 (Proctor-Exhibit C).

24. Christophe denies receipt of the decision on August 11, 2006. Rec. doc. 22 at 2.

25. On December 17, 2006, more than ninety days after August 11, 2006, Christophe filed a complaint against the defendant in the United States District Court for the Southern District of

Texas.

26. Christophe retired from the IRS on May 11, 2007.  Rec. doc. 22 at 1.

## ANALYSIS

A. <u>Christophe's complaint was not timely</u>.

Christophe bears the burden of proof to establish the existence of jurisdiction.  <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert</u>. <u>denied</u> 536 U.S. 960, 122 S.Ct. 2665 (2002). She alleges that jurisdiction is present because her claim is made pursuant to Title VII.  Rec. doc. 1.  The Fifth Circuit has held that "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court."  <u>Taylor v. Books A Million, Inc</u>., 296 F.3d 376, 378-79 (5th Cir. 2002).  Christophe alleges that she filed an EEOC complaint against defendant.  Rec. doc. 1.  In <u>Taylor</u>, the Fifth Circuit held that:

> Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC.  This requirement to file a lawsuit within the ninety-day limitation period is strictly construed.  Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.

296 F.3d at 379 (Emphasis in original and citations omitted).  Christophe's complaint alleges that:

> On September 19, 2006, the Department of Treasury issued its Final Agency Decision, which is attached hereto as Exhibit A, and is incorporated herein by reference.  Plaintiff is appealing from that decision.

Rec. doc. 1 at p. 3.[7]  She did not file her complaint until December 17, 2007, which is eighty-nine days after the "alleged" date of defendant's decision.  It is undisputed, however, that the decision was dated September 19, 2005.  The complaint was filed nearly fifteen months after the date of the decision.

---

[7] The documents received from the Southern District of Texas do not include the attachment to the complaint.

The issue is whether the complaint was filed within ninety days of the <u>receipt</u> of the decision. See <u>Taylor</u>, 296 F.3d at 379; <u>Morgan v Potter</u>, 489 F.3d 195, 196 (5th Cir. 2007); and <u>Bowers v. Potter</u>, 113 Fed. App. Appx. 610, 2004 WL 2434892, *2 (5th Cir. 2004) ("For all intents and purposes, the ninety-day filing period acts as a statute of limitations.").

It is undisputed that:  (1) the final agency decision is dated September 19, 2005; (2) following Hurricanes Katrina and Rita there was no mail service in New Orleans for an extended period; (3) Christophe relocated from New Orleans to 5834 Ludington Drive, Houston, Texas 77035; (4) on August 3, 2005, Ms. Washington, counsel for Christophe, reported to Proctor that she was no longer representing Christophe and that Proctor should communicate with Christophe; (5) on August 3, 2006, the decision was mailed to Christophe at her Houston address via certified mail receipt return requested; (6) there is a postal receipt indicating that the article of mail containing the decision was delivered on August 11, 2006 to Christophe's Houston address and signed for by someone at that address; and (7) Christophe filed a complaint in federal court on December 17, 2006 with a copy of the decision attached to it.  These facts demonstrate that the complaint was filed 128 days after the "receipt" of the decision on August 11, 2006.  Based on these facts, Christophe's complaint was not timely.

Christophe responds that:

> I state under penalty of perjury that the signature on Government Exhibit C [the postal receipt], which is attached hereto as P-1, is not my signature.  I also state that I did not receive the Final Agency Decision on August 11, 2006.

Rec. doc. 22.  The issue is whether Christophe has presented a genuine issue for trial.  A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  <u>Kee</u>, 247 F.3d at 210.

9

Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the decision is received. Taylor, 296 F.3d at 379. Christophe, however, does not state the date on which she received the decision. It is not sufficient for Christophe to attempt to negate defendant's evidence by denying that it is her signature on the postal receipt and stating that she did not receive the decision on August 11, 2006. She must allege facts sufficient to support jurisdiction and the timeliness of her suit. She has not stated that she received the decision within ninety days of the filing of her complaint and her silence regarding the date that she received the decision is conspicuous. Christophe was provided several opportunities to allege when she received the decision and provide evidence in support of that statement.[8]

When a Title VII plaintiff fails to allege the date on which the decision was received, the court must decide when the ninety-day period begins to run. Taylor, 296 F.3d at 379. In Taylor, the plaintiff failed to allege the date he received the right-to-sue letter and the date of its receipt was unknown. The Fifth Circuit concluded that a presumption of receipt was appropriate. Id. at 379-80. The Fifth Circuit recognized that in such circumstances "courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." Id. at 379. If the longest period is conceded to Christophe, it is presumed that she received the decision seven days after it was mailed on August 3, 2006. Her complaint was not filed within ninety days of August 10, 2006; the presumed date of receipt.

It is not necessary to rely on the presumption of receipt to determine that Christophe's suit was not timely. In Espinoza v. Missouri Pacific Railroad Co, 754 F.2d 1247 (5th Cir. 1985), the Fifth

---

[8] Christophe has been granted at least three opportunities to provide the critical information: (1) her complaint contains no statement as to when she received the decision; (2) her first response to defendant's motion to dismiss contains no such statement; and (3) her declaration, which was filed after she was notified that the motion would be treated as a motion for summary judgment, contains no statement as to when she received the decision.

Circuit determined that:

> [O]rdinarily the purposes of the Act will be served by commencement of the ninety-day period on the date that notice is received at the address supplied to the EEOC by the claimant. Notice was "given" to Espinoza at the place he indicated. It was received there, albeit by Espinoza's wife. We deal here, therefore, with actual, not constructive notice, given to Espinoza in the manner he directed.

Id. at 1249. Christophe supplied the Houston address to the defendant and the decision was sent to Christophe at the place she indicated. It was received at that address on August 11, 2007.[9] Christophe has not submitted evidence to contradict the fact that the article of mail containing the decision was received at her Houston address on August 11, 2007. The evidence cannot support a judgment in her favor that her complaint was filed within ninety days of the receipt of the decision.

     B.     <u>There is no basis for equitable tolling</u>.

Christophe contends that: (1) the IRS was aware that she relocated to Houston after Katrina because she worked for the IRS in Houston; (2) she had severe health problems at the time that defendant contends she should have filed suit; (3) she had to attend to her daughter who lived out of state and suffered a seizure at the time defendant contends she should have filed suit; and (4) if the defendant could delay delivery of the decision for nearly a year, then her deadline for filing should be tolled. Christophe bears the burden of providing justification for application of equitable tolling principles. <u>Wilson v. Secretary, Department of Veteran Affairs on Behalf of Veterans Canteen Services</u>, 65 F.3d 402, 404 (5th Cir. 1995). In this case, the defendant acted diligently. By letter received on August 10, 2005, the defendant was notified that Christophe cancelled her request

---

[9] As noted by the defendant, the signature on the postal receipt appears to be that of "Aaron Christophe." The public records indicate that Aaron Christophe received mail at the Houston address and previously received mail at 2551 Verbena St., New Orleans, Louisiana 70122. Rec. doc. 24 (Attachment). The New Orleans address for Aaron Christophe is the same address shown for Christophe just prior to Hurricane Katrina. Rec. doc. 6 (Proctor, Exhibit A at 14).

for an EEOC hearing and the matter was referred to the IRS for final action. Rec. doc. 6 (Proctor, Exhibit A at 1, n.1). The defendant's decision was issued on September 19, 2005 or within the sixty day deadline to respond to Christophe's request for an immediate decision. See Title 29 C.F.R. § 1614.110. The defendant was not able to mail the decision at that time because of Hurricane Katrina but sought new mailing addresses for Christophe and her lawyer. The defendant's regulations required that a copy of the decision be sent to Christophe's lawyer. Once the defendant learned that Ms. Washington was no longer representing Christophe, the decision was sent promptly to the address in Houston provided by Christophe.

In Irwin v. Veterans Administration, 498 U.S. 89, 111 S.Ct. 453 (1990), the Supreme Court held:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Id. at 457-58 (Citations and footnotes omitted). In Baldwin County Welcome Center v. Brown, 466 U.S. 147, 104 S.Ct. 1723 (1984), the Supreme Court held that: "[o]ne who fails to act diligently cannot invoke principles to excuse that lack of diligence." Id. at 1726.

The defendant did not act or fail to act in any way to mislead Christophe regarding her deadline. Rather, Christophe failed to exercise due diligence in the preservation of her legal rights. Accordingly,

IT IS ORDERED that defendant's motion to dismiss (Rec. doc. 6) is GRANTED.

New Orleans, Louisiana, this 30th day of October, 2007.

                                                                                 **SALLY SHUSHAN**
                                                                     **United States Magistrate Judge**